**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Omar Garcia VAZQUEZ–CASARES,
a.k.a. 103M19–03, Defendant–
Appellant.**

**No. 06–13240
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 16, 2007.

Jon Dirk Uman, Gainesville, FL, for Defendant–Appellant.

Francis Todd Williams, Gainesville, FL, E. Bryan Wilson, Tallahassee, FL, for Plaintiff–Appellee.

Before DUBINA, CARNES and
BARKETT, Circuit Judges.

PER CURIAM:

Omar Garcia Vazquez–Casares appeals
his 211–month sentence for conspiracy to
distribute and possess with intent to dis-
tribute more than 50 grams of metham-
phetamine and more than 500 grams of a
mixture and substance containing metham-
phetamine. Vazquez–Casares argues that
the district court clearly erred in imposing
a two-level leadership-role enhancement
under U.S.S.G. § 3B1.1(c). Vazquez–Ca-
sares contends that the district clearly
erred in finding a government witness's
testimony supporting the enhancement as
credible,[1] and that moreover, with or with-
out this witness, the evidence was insuffi-
cient to support the enhancement.
Vazquez–Casares also argues that the dis-
trict court imposed an unreasonable sen-
tence because it failed to consider properly
the factors under 18 U.S.C. § 3553(a).

■  Section 3B1.1(c) of the Sentencing
Guidelines allows the district court to in-
crease a defendant's base offense level by
two levels if he was "an organizer, leader,
manager, or supervisor in any criminal
activity...." U.S.S.G. § 3B1.1(c). In this
case, the district court did not clearly err
by imposing the Section 3B1.1(c) enhance-
ment, because the evidence supports that
Vazquez–Casares asserted control and in-
fluence over a co-conspirator and recruited
and arranged for the co-conspirator to de-
liver drugs for him. *See United States v.
Ramirez*, 426 F.3d 1344, 1355 (11th Cir.
2005) (discussing standard of review and
factors a district court may consider in
imposing this enhancement).

■  We also conclude that the district
court imposed a reasonable sentence. The
court specifically considered Vazquez–Ca-
sares's argument for a sentence below his
applicable guideline range based on his
personal history and the nature of the
offense. 18 U.S.C. § 3553(a)(1). Further-
more, the court considered the available
sentences and consulted the Guidelines,
which it noted were advisory. 18 U.S.C.
§ 3553(a)(3) and (4). The court sentenced
Vazquez–Casares within the applicable
guideline range, which carries an expecta-
tion of reasonableness. *United States v.
Talley*, 431 F.3d 784, 788 (11th Cir.2005).
Although the court did not discuss all the
factors listed in Section 3553(a), sentencing
courts are not required to specifically men-
tion each factor. *United States v. Scott*,
426 F.3d 1324, 1329 (11th Cir.2005). Ac-
cordingly, because the district court con-
sidered the § 3553(a) factors and Vazquez–
Casares's arguments, we conclude that his
sentence was reasonable.[2]

**AFFIRMED.**

1.  Because Vazquez–Casares has not presented
sufficient evidence to overcome the great def-
erence we afford the credibility determina-
tions by the trier-of-fact, we do not find that
the district court erred in concluding that the
government witness's testimony was credible.

*See United States v. McPhee*, 336 F.3d 1269,
1275 (11th Cir.2003).

2.  Vazquez–Casares also argues that the dis-
trict court violated his Sixth Amendment
rights when it sentenced him based on a
quantity of drugs that was greater than the

amount found by the jury. However, there was no constitutional error in the district court's use of extra-verdict enhancements be- cause it applied the guidelines as advisory. *United States v. Chau,* 426 F.3d 1318, 1323– 24 (11th Cir.2005).